# In the United States Court of Federal Claims

No. 16-12C
(Filed: September 18, 2018)

|  |  |
|---|---|
| TAYLOR ENERGY COMPANY LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER ON QUESTIONS TO BE ADDRESSED IN PLAINTIFF'S REPLY**

In its reply in support of its motion for summary judgment on Count I (ECF No. 65), as part of its reply to the issues raised by the government in its response, plaintiff needs to address the following issues:

The plaintiff claims that the government has breached the "Trust Agreement." Under Section 6.9 "Governing Law and Jurisdiction" of the "Trust Agreement" it states that "[t]his Trust Agreement shall be governed by and construed in accordance with the laws of the state of Louisiana without giving effect to the state's conflicts of laws rules, but the parties consent to the jurisdiction of the federal courts to resolve any dispute arising under the Trust Agreement." Given the "Trust Agreement" language:

(1) Doesn't Section 6.9, which identifies the agreement at issue in this case as a "Trust Agreement", require that Louisiana trust law rather than Louisiana contract law be applied?
(2) If Louisiana trust law must be applied, why isn't La. Stat. Ann. §9.1831(4), which requires that a trust be terminated after fifty years from its creation if there is no earlier termination date, controlling law?
(3) Does the provision which grants jurisdiction to federal courts to resolve disputes arising out of the "Trust Agreement" mandate that the plaintiff first seek declaratory relief in a federal court with jurisdiction before seeking monetary relief from this court?

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge