# In the United States Court of Federal Claims

No. 16-12C
(Filed: September 25, 2018)

|  |  |
|---|---|
| TAYLOR ENERGY COMPANY LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER AMENDING ARGUMENT SCHEDULE AND QUESTIONS TO BE ADDRESSED DURING ORAL ARGUMENT**

In order to assist the court at oral argument, the court asks the parties to address the following issues in the below listed order. Given the number of issues to be addressed, the argument will begin at **1:00 PM Eastern Standard Time** and is expected to conclude at **5:30 PM** The issues are as follows:

I.   Statute of Limitations:

In its motion to dismiss, the government argues that all four counts of the plaintiff's complaint should be dismissed because the plaintiff knew more than six years before it filed this action that there were issues concerning plaintiff's ability to fulfill its regulatory responsibilities. Specifically, the government contends that plaintiff was aware either at the time the "Trust Agreement" was signed in 2008 or at the latest by January 4, 2010 that its obligation to decommission wells and platforms together with its obligation to clean up the seabed as enumerated in the second paragraph of the first page of the "Trust Agreement" could be delayed without a certain end date. Pls. Compl., Ex. 1 at 1.

In its response, plaintiff argues that it did not know when it signed the "Trust Agreement" that its ability to fulfill the obligations could be indefinitely delayed. With regard to Count II ("Impossibility of Performance) and Count III ("Good Faith and Fair Dealing"), plaintiff argues it could not have known prior to the issuance of the 2013 Coastal Emergency Risk Assessment ("CERA") Workshop and Report that the government would not allow the plaintiff to continue decommissioning and cleanup work for the foreseeable future. Additionally, plaintiff argues with regard to Count I ("Unilateral Insertion of an Indefinite Term") and Count IV ("Mutual Error") it could not have known prior to 2015 when the Bureau of Safety and Environmental Enforcement

("BSEE") rejected its request for a departure pursuant to 30 CFR §250.142 that the decommissioning and cleanup would be indefinitely delayed.

The parties shall be prepared to discuss when the claims set forth in each of the plaintiff's four counts accrued and whether the accrual is within the six-year statute of limitations.

II.     Primary Jurisdiction:

The "Trust Agreement" states that the purpose of the agreement is "to fulfill certain obligations to plug and abandon wells, remove a portion of the platform and facilities, clear the seafloor of obstructions, and take corrective action associated with wells and facilities on Lease OCS-G 04935 (Mississippi Canyon Block 20); Wells A-19, A-20, A-21, A-25, and A-26 on Lease OCS-G 15459 (Mississippi Canyon Block 21) and Well A028 on Lease OCS-G 15371 (South Pass Block 73)[.]"  Pl.'s Compl., Ex.1 at 1. The Article IV Agreement entered into between the parties pursuant to the "Trust Agreement" imposes four obligations on the plaintiff: (1) Well Decommissioning, (2) Pipeline Decommissioning, (3) Platform Decommissioning, and (4) Seafloor and Soil Clean Up.  Pl.'s Compl., Ex. 2 at 1-5.  What is the current status of performance for each of these obligations and the status of these obligations before the Interior Board of Land Appeals ("IBLA")?  For each of the obligations the parties shall supply the court with specific facts.

Finally, the court understands that plaintiff has been required to expend money outside the "Trust Agreement" to perform studies concerning the wells subject to the "Trust Agreement".  What money has been spent and why are "Trust Agreement" funds not available for these purposes?

III.    Plaintiff's Motion for Summary Judgment on Count I ("Unilateral Insertion of an Indefinite Term"):

With regard to plaintiff's motion for summary judgment on Count I the following questions need to be addressed:

    A. What is the law to be applied when interpreting the "Trust Agreement"?  The court understands that the regulatory obligations contained in the "Trust Agreement" are federal obligations pursuant to the various federal regulations identified in the "Trust Agreement" and Article IV Agreement.  However, the "Trust Agreement" provides in Section 6.9 "Governing Law and Jurisdiction" that "[t]his Trust Agreement shall be governed by and construed in accordance with the laws of the state of Louisiana without giving effect to the state's conflicts of laws rules, but the parties consent to the jurisdiction of the federal courts to resolve any dispute arising under the Trust Agreement." As such, is the court wrong in assuming that the "Trust Agreement" itself must be interpreted consistent with Louisiana State Law?

    B.  Assuming arguendo that Louisiana State Law is applicable, is the "Trust Agreement" properly considered to be a "trust" under Louisiana State Law or is it a "contract"?  In this connection the parties should be prepared to discuss LSA-R.S. 9:1753 "Technical language not required; interpretation of instrument" and the Louisiana Supreme Court's decision in *St. Charles Land Trust, Achille Guibet v. St. Amant,* 253 La. 243 (1969).

IV.    Dismissal of Declaratory and Equitable Relief Claims:

    The plaintiff is seeking to dissolve the "Trust Agreement" and an order returning the trust funds to the plaintiff.  The government contends that this court does not have jurisdiction to grant such relief.  Does this court have jurisdiction to grant the plaintiff's claim for declaratory and equitable relief incidental to the award of a money judgment?

V.    Other Issues:

    The court does not intended to discuss the plaintiff's motion to strike (ECF No. 62) during this oral argument.  However, the parties may discuss the plaintiff's motion for an evidentiary hearing and jurisdictional discovery in the context of the government's argument to dismiss the plaintiff's complaint on the basis of primary jurisdiction.

    **IT IS SO ORDERED.**

                                                     s/Nancy B. Firestone  
                                                   NANCY B. FIRESTONE  
                                                   Senior Judge