# EXHIBIT  A



# United States Department of the Interior
## Office of Hearings and Appeals
### Interior Board of Land Appeals
801 N. Quincy St., Suite 300
Arlington, VA 22203



703-235-3750                          703-235-8349 (fax)

October 11, 2016

| | | |
|---|---|---|
| IBLA 2015-207 | ) | Mississippi Canyon Blocks 20 and 21 |
| | ) | |
| TAYLOR ENERGY COMPANY LLC | ) | Offshore Decommissioning |
| | ) | |
| | ) | Request to Limit Disclosure of |
| | ) | Confidential Information Granted |

<u>ORDER</u>

Appellant has appealed from the Bureau of Safety and Environmental Enforcement's (BSEE) May 11, 2015, Order.  In that Order, BSEE denied appellant's requests for several departures from the bureau's decommissioning and pollution control regulations.  Appellant sought the departures in relation to its obligations to permanently plug and abandon 16 wells on its Mississippi Canyon Blocks 20 and 21.  BSEE denied appellant's request because hydrocarbons continue to appear around the wells and appellant did not establish that discontinuing its decommissioning obligations would correct ongoing hydrocarbon leaks.

*Motion to Limit Disclosure of Confidential Information*

BSEE has transmitted to the Board the administrative record (AR).  In response, appellant has filed a Motion to Limit Disclosure of Confidential Information.  Appellant asks the Board to withhold from public disclosure certain documents contained in the AR because, according to appellant, the information is confidential and exempt from disclosure under the Freedom of Information Act (FOIA).[1]

When a party requests a protective order under 43 C.F.R. § 4.31 on the ground that an exemption applies to publicly disclosing certain documents, it must make a

---

[1] 5 U.S.C. § 552(b) (2012), *as amended by* Pub. L. No. 114-185 (June 30, 2016).

IBLA 2015-207

statement specifying why the information is confidential.[2]  Appellant states documents in the AR, as described in exhibit A to its Motion, are exempt from public disclosure because they contain financial information and other commercially-protected data related to appellant's business activities and operations.  Therefore, appellant requests the Board to limit disclosure of those protected documents.

We grant appellant's Motion.  Appellant has provided a statement specifying the justification for nondisclosure.[3]  Therefore, we grant a protective order for the information contained in the AR, as described in appellant's exhibit A, attached to its Motion.[4]

In the event a member of the public challenges appellant's characterization of the documents as exempt from disclosure by filing a FOIA request, the Board will revisit the matter in the course of processing that request.

Eileen Jones
Chief Administrative Judge

_____

[2]  43 C.F.R. § 4.31(a)(2)(ii).
[3]  43 C.F.R. § 4.31(a).
[4]  43 C.F.R. § 4.31(b).